### The People of the State of Illinois, Defendant in Error, v. Martin Mason, Plaintiff in Error.

### Gen. No. 19,084.

INFANTS—*contributing to delinquency of.* An information based upon 2 J. & A. ¶¶ 3580 and 3386 charged defendant with contributing to the delinquency of a minor child, by asking said child to commit perverted sexual acts. Certain other minors testified that defendant made an indecent exhibition of his person in their presence and used certain language with reference thereto. *Held,* there was no proof of the identity of the child designated in the information or that such child was delinquent.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed June 30, 1913.

E. C. MAPLEDORAM, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

The information filed in the Municipal Court charges that the plaintiff in error, Martin Mason, did on, to wit: October 12, 1912, unlawfully and knowingly and wilfully encourage, aid, cause, abet and connive at the delinquency of one Harold Nielson, a minor male child under the age of seventeen years of age, to wit: seven years, and did then and there knowingly and

wilfully do acts that directly produced, promoted and contributed to conditions which rendered said Harold Nielson delinquent child, in that he the said Martin Mason did then and there ask the said Harold Nielson to commit perverted sexual acts at 1035 No. 50th court in the City of Chicago, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

Plaintiff in error waived trial by jury and upon a trial by the court was found guilty in manner and form as charged in the information and sentenced to pay a fine of $100 and costs of suit taxed at $8.50.

The information is predicated upon a section of the Criminal Code, which is, in part, as follows:

"Any parent or parents, or legal guardian, or person having the custody of any dependent, neglected or delinquent child, as defined by the statutes of this State, or any other person who shall knowingly or willfully encourage, aid, cause, abet or connive at such state of dependency, neglect or delinquency, or shall knowingly or willfully do any act or acts that directly produce, promote or contribute to, the conditions which render such child a dependent, neglected or delinquent child as so defined,   *   *   *   shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished," etc.   Paragraph 42 hb., Hurd's Stat. 1911, p. 761.

The act relating to the treatment and control of dependent, neglected and delinquent children, provides, in part, as follows:

"The words 'delinquent child' shall mean any male child who while under the age of seventeen years or any female child who while under the age of eighteen years, violates any law of this State; or is incorrigible, or knowingly associates with thieves, vicious or immoral persons; or without just cause and without that (the) consent of its parents, guardian or custodian absents itself from its home or place of abode, or is

growing up in idleness or crime; or knowingly frequents a house of ill-repute; or knowingly frequents any policy shop or place where any gaming device is operated; or frequents any saloon or dram shop where intoxicating liquors are sold; or patronizes or visits any public pool room or bucket shop; or wanders about the streets in the night time without being on any lawful business or lawful occupation; or habitually wanders about any railroad yards or tracks or jumps or attempts to jump onto (any) moving train; or enters any car or engine without lawful authority; or uses vile, obscene, vulgar, profane or indecent language in (any) public place or about any school house; or is guilty of indecent or lascivious conduct; any child committing any of these acts herein mentioned shall be deemed a delinquent child and shall be cared for as such in the manner hereinafter provided.''

There is not a scintilla of evidence in the record tending to show that a child named Harold Nielson or a child known by that name in fact exists or ever existed. The two witnesses who testified for the prosecution that plaintiff in error made an indecent exhibition of his person in their presence and used certain language with reference thereto, were Tom Nilson, aged seven years, and Carl Norlein, aged five years, and there is no evidence tending to show that either of said witnesses was a delinquent child.

Proof of at least two elements essential to a conviction in this case are wholly lacking: First, the identity of the child designated in the information, and, second, that such child was delinquent. *People v. Peterson,* 171 Ill. App. 603.

The apparent impropriety of permitting this judgment to stand doubtless accounts for the fact that the appearance of defendant in error has not been entered in this court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*